Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JAIME ENRIQUE CONDE MATOS, ILSA LIZZETTE CONDE MATOS | | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala de CAROLINA |
|---|---|---|
| Recurridos | TA2025CE00682 | Caso Núm.: SJ2018CV10804 |
| v. | | |
| **CONSEJO DE TITUTLARES DEL CONDOMINIO ALCÁZAR**; ASEGURADORA XYZ, DEMANDADOS ABC Y OTROS | | Sobre: Fraude Nulidad de Sentencia Nulidad de Venta Judicial |
| Peticionaria | | |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de octubre de 2025.

El Consejo de Titulares del Condominio Alcázar (Consejo o parte peticionaria) acudió ante nos el 28 de octubre del año en curso mediante *Certiorari*. En este, nos solicita que revoquemos la *Resolución Interlocutoria* emitida en el caso el 15 de octubre de 2025. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) no autorizó la moción de desestimación que el Consejo presentó. También dictaminó que los planteamientos de la moción podrían plantearse nuevamente una vez finalizara el juicio que esta pautado a comenzar el 30 de octubre de 2025.

Ese mismo día, el Consejo también presentó una *Solicitud de Auxilio de Jurisdicción* en la que nos solicitó que ordenáramos la paralización de los procedimientos; particularmente del juicio señalado. Evaluado el legajo apelativo, declaramos **No Ha Lugar** la petición de auxilio y paralización.

Así resuelto, y conforme al derecho que más adelante expondremos, denegamos expedir el auto solicitado. Veamos.

**-I-**

A continuación, exponemos los incidentes procesales más importantes acaecidos en el pleito de epígrafe relacionados a la controversia planteada ante nos, según surgen del legajo apelativo y del expediente judicial en SUMAC, sobre el que tomamos conocimiento judicial.

Así pues, es importante saber que el 14 de diciembre de 2018, Jaime Enrique Conde Matos e Ilsa Lizzette Conde Matos (los hermanos Conde-Matos o los recurridos) presentaron una *Demanda* contra el Consejo para solicitar la nulidad de la sentencia que éste obtuvo a su favor en el caso Consejo de Titulares del Condominio Alcazar v. Ermelinda Matos, K CD2012-1641. Allí, se declaró con lugar una demanda en cobro de dinero por cuotas de mantenimiento que la parte peticionaria instó contra la madre de los recurridos, ordenándose la venta judicial del apartamento para satisfacerlas. Según alegaron los recurridos, este dictamen era nulo puesto que para la fecha en que su madre fue notificada de la demanda, había ya sido declarada incapaz, designándose a uno de los demandantes la tutela de Ermelinda Matos.[1] O sea, que el tribunal nunca adquirió jurisdicción sobre la demandada.

Cabe destacar que, tras varios incidentes procesales, el 1 de septiembre de 2022, la demanda se enmendó para incluir como parte demandada a quienes adquirieron el bien objeto de venta judicial; en este caso, a Empresas Zepol, Inc., y al Sr. Bernardo José Márquez Reyes. Así pues, se alegó que el Consejo manejó el cobro de dinero de forma fraudulenta y de esa misma forma obtuvo una sentencia a su favor. También se reclamó que el resto de los demandados se sometieron a la

---

[1] Véase, SUMAC TPI, Entrada Núm. 1 donde específicamente señalan que la declaración judicial de incapacidad ocurrió en el caso núm. K EX2009-0028 mediante Resolución del 7 de noviembre de 2009

adquisición y venta de la propiedad a sabiendas de que esta había sido ilegalmente adquirida por tratarse de una venta judicial nula.[2]

Similarmente importante es mencionar que el 4 de diciembre de 2023, el TPI dictó *Sentencia Parcial*. Mediante esta, resolvió que era indubitable que el señor Márquez Reyes obró conforme a las constancias del Registro, por lo que era un tercero registral protegido por la fe pública. En consecuencia, declaró Ha Lugar la solicitud de sentencia parcial que éste sometió y desestimó con perjuicio la demanda enmendada interpuesta en su contra.[3]

Así las cosas, el 27 de enero de 2024, el Consejo de Titulares presentó su contestación a la demanda enmendada presentada en septiembre del año 2022 e instó una reconvención. La parte recurrida solicitó la desestimación de la reconvención. El 20 de febrero de 2024, el foro primario dictó *Resolución* en la que no autorizó la reconvención sometida por entender que esta conllevaba un retraso en los procedimientos al haberse sometido luego de seis (6) años de litigio y a pocas semanas de la conferencia con antelación al juicio. Tres (3) días después, Zepol sometió escrito mediante el cual reiteró la solicitud de desestimación que incluyó en su alegación responsiva.[4] En respuesta, ese mismo día, el foro primario dictó la siguiente orden: "En vista que los abogados al presente contin[ú]an en abierto desaf[í]o a las [ó]rdenes del Tribunal de presentar el Informe de Conferencia con [Antelación] a juicio, el Tribunal ordena a todos los abogados a que [COMPAREZCAN] a la SALA 403 del Tribunal de

---

[2] SUMAC TPI, Entrada Núm. 106.

[3] SUMAC TPI, Entrada Núm. 127.

[4] SUMAC TPI, Entrada Núm. 138. Esta moción fue atendida posteriormente mediante *Orden* notificada el 15 de mayo de 2025. En esta, el TPI no autorizó la presentación de dicha moción dispositiva. Específicamente, resolvió: "Después de casi siete (7) años de [litigio], el juicio está pautado [] para la [semana] del 2 al 4 de junio del 2025. Por lo que el Tribunal no autoriza la Moci[ó]n de Desestimació[o] presentada por la parte co-demandada, Empresas Zepol, Inc, permitir la referida a semana de comenzar juicio perjuicio a la parte demandante." De dicha decisión Empresas Zepol acudió en revisión judicial mediante *certiorari*. El 11 de agosto de 2025, este Tribunal de Apelaciones emitió *Resolución* en el caso TA2025CE00027 en el que se negó a expedir el auto.

Carolina, el d[í]a y hora pautado para la misma, SO PENA DE DESACATO. NINGÚN PLANTEAMIENTO, exime a los abogados de presentar el informe de Conferencia, seg[ú]n ordenado.

El 28 de febrero de 2024, las partes sometieron el *Informe Preliminar de Conferencia con Antelación al Juicio* del caso. Entre las controversias allí identificadas, el Consejo incluyó si ante el principio de justiciabilidad incluido como teoría, procedía desestimar la demanda por academicidad. El juicio en el pleito fue reseñalado para los días 30, 31 de octubre y 3 de noviembre de 2025.[5]

Así las cosas, el 15 de octubre de este año, el Consejo sometió *Moción de Desestimación por Falta de Jurisdicción* en la que solicitó al tribunal que declarara académica la controversia de autos, pues la anulación de la venta judicial solicitada en la demanda es un remedio que hoy en día carecía de consecuencias prácticas. Ello así, debido a que la titularidad del bien en controversia pertenece a un tercero cuyo interés propietario fue protegido por el tribunal bajo la figura del tercero registral. Debido a ello, alegó que "cualquier dictamen a favor de la parte demandante carecería de efectos prácticos y constituiría una opinión consultiva. Lo anterior, crea un problema de ausencia de jurisdicción, por falta de autoridad del foro judicial para adjudicar controversias, lo que se puede plantear en cualquier etapa del caso."[6] Ese mismo día, el foro primario dictó la resolución recurrida. Allí, expresó:

> Luego de casi siete (7) años de litigio, el juicio esta pautado [] para los días el 30, 31 de octubre de 2025 y 1 de noviembre del corriente. Por lo que el Tribunal no autoriza la Moci[ó]n de Desestimaci[ó]n presentada por la parte co-demandada, Consejo de Titulares del Condominio Alcazar. Los planteamientos que surgen de la referida moci[ó]n planteada [podrán] ser levantado nuevamente, una vez finalice el juicio.

---

[5] SUMAC TPI, Entrada Núm. 172.
[6] *Íd.*, Entrada Núm. 175.

En desacuerdo, el Consejo instó el recurso de epígrafe y le imputó al foro primario haberse equivocado al negarse a atender su moción dispositiva, pese a carecer de jurisdicción por academicidad al no tener una controversia justiciable ante su consideración.[7] Hemos evaluado dicho escrito, así como los documentos que lo acompañaron. Tras así hacer, y conforme nos autoriza a hacer la Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), a los fines de propiciar un eficiente despacho prescindimos de la comparecencia de la parte apelada y procedemos a resolver.

**-II-**

*-A-*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros.  La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". BPPR v. SLG Gómez-López, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208.  La mencionada Regla dispone que solo se

---

[7] SUMAC TA, Entrada Núm. 1.

expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[8]

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).

**-III-**

Según mencionamos, el Consejo acude ante nos mediante el auto discrecional del *certiorari* en busca de la revisión judicial de una decisión interlocutoria mediante la cual el foro primario no autorizó la desestimación presentada por el Consejo y estableció que una vez se celebrara el juicio que está señalado a comenzar próximamente, cualquier

---

[8] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

argumento de desestimación podría ser sometido. No albergamos duda de que el *certiorari* es el vehículo adecuado para atender la cuestión planteada, puesto que se recurre de la denegatoria de una moción de carácter dispositivo. Siendo así, para determinar si procede la expedición de un recurso discrecional de *certiorari* en los que se recurre de determinaciones post sentencia es preciso acudir a lo dispuesto en la Regla 40 de nuestro Reglamento.[9]

Efectuado este ejercicio, tras una evaluación pormenorizada del expediente, determinamos denegar la expedición del auto de *certiorari* solicitado por el Consejo. Los argumentos que somete no nos persuaden a ejercer nuestra función revisora discrecional e intervenir con el dictamen recurrido. A nuestro juicio, no se satisfacen los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra,* por lo que no intervendremos.

**-IV-**

Por todo lo antes consignado, declaramos No Ha Lugar la solicitud de paralización de los procedimientos peticionada por la parte peticionaria. Asimismo, y conforme explicamos, **denegamos** expedir el auto de *certiorari*.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] BPPR v. SLG Gómez-López, *supra,* págs. 336-337 al mencionar a IG Builders et al. v. BBVAPR, 185 DPR 307, 339 (2012).